# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>  Christine Michele Wilczewski,<br>        Debtor, | Chapter 13 |
| Chimera REO 2018-NR1 LLC,<br>        Movant,<br>vs.<br>Christine Michele Wilczewski,<br>       Debtor / Respondent,<br>and<br>Charles J. DeHart, III,<br>       Trustee / Respondent | Case No.: 5:19-bk-00425-RNO |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY AND REQUEST FOR WAIVER OF FED. R. BANKR. P. 4001(a)(3) STAY

NOW COMES, Chimera REO 2018-NR1 LLC ("Movant"), by and through its counsel, Andrew M. Lubin, Esquire, of Milstead & Associates, LLC, and hereby requests an order terminating the automatic stay provisions of section 11 U.S.C. § 362 as to Debtor, Christine Michele Wilczewski, and under 11 U.S.C. § 1301(c) as to Co-Debtor, Michele Sekelsky, to enable Movant to take any and all action necessary to enforce its rights as determined by the Note (defined below) and Mortgage (defined below), state and/or other applicable law with regard to real property known as and located at 508 River St., Dickson City, PA 18519, and waiving the 14-day stay provision of Fed. R. Bankr. P. 4001(a)(3), and in support thereof avers as follows:

**THE PARTIES**

  1.  Movant, Chimera REO 2018-NR1 LLC, is a secured creditor of the Debtor and Co-Debtor.

2. Debtor, Christine Michele Wilczewski, and Non-Filing Co-Debtor, Michele Sekelsky, are the owners of real property known as and located at 508 River St., Dickson City, PA 18519 ("the Property").

**JURISDICTION AND VENUE**

3. On or about January 31, 2019, the Debtor filed a petition under chapter 13 of the Bankruptcy Code.

4. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6. Debtor, Christine Wilczewski, and Deceased Mortgagor, Pearl L. Sosnowski, executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $37,500.00 (the "Note"). Movant is an entity entitled to enforce the Note.

7. Pursuant to that certain mortgage executed by Deceased Mortgagors, John J. Sosnowski (Deceased) and Pearl L. Sosnowski, dated March 2, 2004 and recorded in the office of the county clerk of Lackawanna County, Pennsylvania (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor and Co-Debtor under and with respect to the Note and the Mortgage are secured by the Property.

8. Mortgagor, John J. Sosnowski, departed this life, whereupon, title vested in his wife Pearl L. Sosnowski. The said Pearl L. Sosnowski departed this life on October 2, 2008.

9. Movant has determined Michele Sekelsky and Christine Wilczewski are surviving heirs of Pearl L. Sosnowski, Deceased Mortgagor and Real Owner.

10. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

11. Nationstar Mortgage, LLC d/b/a Mr. Cooper directly or through an agent, has possession of the promissory note and held the note at the time of filing of the Movant's Motion for Relief from the Stay. The promissory note has been duly indorsed.

12. Debtor and Co-Debtor have failed to make monthly payments due under the Mortgage since the filing of the petition for the months of February 26, 2019 through March 26, 2019.

13. As of April 18, 2019, the amount of the post-petition delinquency is as follows:

| | |
|---|---|
| 2 Payments @ $582.12 | $ 1,164.24 |
| Less Suspense Balance | ($ 15.00) |
| | |
| **Total Post-Petition Arrears** | **$ 1,149.24** |

14. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $650.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

**BASIS FOR RELIEF REQUESTED**

15. Movant requests an order terminating the automatic stay provisions of 11 U.S.C. §362 and 11 U.S.C. § 1301(c) to enable Movant to take any and all action(s) necessary to enforce its rights as determined by the Note and Mortgage, State and/or other applicable law with regard to the Property.

16. Section 362(d) permits relief from the automatic stay upon two bases. Section 362 provides that relief may be granted:

> (1) for cause including the lack of adequate protection of an interest in property of such party in interest; *or*
>
> (2) with respect to a stay of an act against property, if
> (A) the debtor does not have equity in such property and
> (B) such property is not necessary to an effective reorganization or plan.

17. Section 362(d) is written in the disjunctive rather than the conjunctive so that either basis along is a sufficient basis for relief. *See,* Nazareth National Bank v. Trina-Dee, Inc. 731 F.2d 170, 170 (3rd Cir. 1984) (explaining that "either ground along is sufficient to justify relief from the stay").

18. Movant is not adequately protected because the Debtor and Co-Debtor have failed to make post-petition mortgage payments and because there is inconsequential or no equity in the Property.

19. Movant has cause to have the automatic stay modified as to permit Movant to take any and all action(s) necessary to enforce its rights as determined by State and/or other applicable law with regard to the Property.

20. Movant has cause to have relief from the automatic stay effective immediately and such relief should not be subject to the fourteen day period of Bankruptcy Rule 4001(a)(3) as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the automatic stay for all purposes allowed by the Note, the Mortgage and applicable law with respect to Movant, its successors or assigns, and the Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived; and

4. For such other relief as the Court deems proper.

Movant further requests that upon entry of an order granting relief from the automatic stay, it be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

                                                  Respectfully submitted,
                                                  MILSTEAD & ASSOCIATES, LLC

DATED: June 7, 2019

                                                  /s/ Andrew M. Lubin
                                                Andrew M. Lubin, Esquire
                                                alubin@milsteadlaw.com
                                                Attorney ID No. 54297
                                                1 E. Stow Road
                                                Marlton, NJ 08053
                                                (856) 482-1400
                                                Attorneys for Movant